## UNITED STATES v. CONSOLIDATED GAS ELECTRIC LIGHT & POWER CO. OF BALTIMORE.

### No. 4546.

Circuit Court of Appeals, Fourth Circuit.
Jan. 8, 1940.

Edward H. Hammond, Atty., Department of Justice, of Baltimore, Md. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Norman D. Keller, and Stephen J. Angling, Sp. Assts. to Atty. Gen., and Bernard J. Flynn, U. S. Atty., and G. Randolph Aiken, Asst. U. S. Atty., both of Baltimore, Md., on the brief), for appellant.

Edwin M. Sturtevant, William C. Baxter, and Clyde T. Warren, all of Baltimore, Md., for appellee.

Before PARKER and SOPER, Circuit Judges, and DOBIE, District Judge.

SOPER, Circuit Judge.

Certificates of indebtedness were issued to depositors of the Baltimore Trust Company, an insolvent banking institution of the City of Baltimore, on August 4, 1933, in accordance with a plan of reorganization which became effective on that date. The certificates represented the unpaid balances due the depositors, plus accrued interest. Consolidated Gas, Electric Light & Power Company of Baltimore, a Maryland corporation, received a certificate in the face amount of $1,031,094.48, which was subsequently reduced to $825,523.58 by a partial distribution of the bank's assets. On November 12, 1935, the Gas Company sold and assigned the certificate for $257,976.12 to the Federal Water Service Corporation, but no revenue stamps were affixed to the certificate or to any of the transfer papers. In January, 1938, the Commissioner of Internal Revenue made an assessment against the Gas Company in the amount of $330.24, representing the stamp tax alleged to be due on the transfer; and on March 17, 1938, the Gas Company paid the tax and filed its claim for refund on the ground that the tax had been wrongfully collected. The claim was rejected and the pending suit was filed, resulting in a judgment for the taxpayer.

The statutes, under which the tax in suit was imposed, are § 800, Schedule A (1) of Title VIII of the Revenue Act of 1926, 44 Stat. 9, 99, 101, and the amendment thereof by § 724 of the Revenue Act of 1932, 47 Stat. 169, 274, 26 U.S.C.A. § 900 note. They are as follows:

Revenue Act of 1926, c. 27, 44 Stat. 99. Title VIII, Stamp Taxes:

"Sec. 800. On and after the expiration of thirty days after the enactment of this Act there shall be levied, collected, and paid, for and in respect of the several bonds, debentures, or certificates of stock and of indebtedness, and other documents, instruments, matters, and things mentioned and described in Schedule A of this title, or for or in respect of the vellum, parchment, or paper upon which such instruments, matters, or things, or any of them, are written or printed, by any person who makes, signs, issues, sells, removes, consigns, or ships the same, or for whose use or benefit the same are made, signed, issued, sold, removed, consigned, or ship-

ped, the several taxes specified in such schedule. The taxes imposed by this section shall, in the case of any article upon which a corresponding stamp tax is now imposed by law, be in lieu of such tax.

\* \* \*

"Schedule A.—Stamp Taxes

"1. Bonds of indebtedness: On all bonds, debentures, or certificates of indebtedness issued by any corporation, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities, on each $100 of face value or fraction thereof, 5 cents \* \* \*."

Revenue Act of 1932, c. 209, 47 Stat. 169:

"Sec. 724. Stamp Tax on Transfer of Bonds, etc.

"(a) Schedule A of Title VIII of the Revenue Act of 1926 is amended by adding at the end thereof a new subdivision to read as follows:

"9. Bonds, etc., sales or transfers. On all sales, or agreements to sell, or memoranda of sales or deliveries of, or transfers of legal title to any of the instruments mentioned or described in subdivision 1 and of a kind the issue of which is taxable thereunder, whether made by any assignment in blank or by any delivery, or by any paper or agreement or memorandum or other evidence of transfer or sale \* \*"

■ It is manifest from an examination of these sections that the instruments, whose transfer is taxable under the quoted section of the amendatory Act of 1932, are the kind of instruments whose issue is taxable under Schedule A(1) of the Act of 1926. We inquire, therefore, whether the certificates of indebtedness of the Baltimore Trust Company were taxable under the last mentioned section when they were issued as above described. It is stipulated that subsequent to the issuance of the certificates the Commissioner of Internal Revenue made an assessment upon the Trust Company on account of stamp taxes alleged to be due thereon under the statute; that the tax was paid on March 17, 1934 and a claim for refund was filed on November 9, 1936 on the ground that certificates of indebtedness issued by an insolvent bank are exempt from tax under § 22 of the Act of March 1, 1879, 20 Stat. 351, 12 U.S.C.A. § 570. This section provides in substance that no tax shall be assessed or collected or paid on account of any bank that has ceased to do business by reason of insolvency, which tax will diminish the assets necessary for the full payment of depositors. For a consideration of this statute, see United States v. Sterling, Receiver, 4 Cir., 106 F.2d 178. The Commissioner agreed to the refund after a review of the facts and the law contained in an opinion of January 4, 1937 of the Chief Counsel of the Bureau of Internal Revenue which is filed as part of the record in the pending case. The Chief Counsel reached the conclusion that the certificates of the Trust Company were not taxable because it had ceased to do business by reason of insolvency on March 17, 1934 when the certificates were issued. The refund was made on March 29, 1937.[1] This action of the Commissioner, in our opinion, was a correct application of the statutory exemption provided by the Act of March 1, 1870 and thereby the freedom of the certificates from taxation at the time of issuance was established. It follows that the transfer of the certificates by the Gas Company on November 12, 1935 was not covered by § 724 of the Revenue Act of 1932 supra, which imposes a stamp tax upon the transfer of only that kind of instrument which is subject to tax when issued.

Having reached this conclusion, it is unnecessary to consider the additional contention of the taxpayer, also made in United States v. Sterling, Receiver, supra, that certificates of indebtedness issued by an insolvent bank are not corporate securities in the common understanding of that

---

[1] No attempt was made to collect the issue tax from the transferee of the bank because of the ruling contained in Cum. Bull. (1932) Vol. XI-2, p. 542 (S.T. 547) which states: "The conclusion has been reached that the taxes in question, although imposed on the transferee as well as the transferor, and on the grantee as well as the grantor, are without application where the transferor or grantor is relieved from liability therefor by § 22 of the Act of March 1, 1879. This conclusion is based on the view that the statutory provision referred to is remedial in character and is to be liberally construed. Its manifest purpose is to relieve depositors from the burden of the tax. To tax the transferee or grantee in such case would be in effect, through the shifting of the burden of the tax to the transferor or grantor, to tax the insolvent bank and thus defeat the purpose of the statute".

term, and that only such instruments as are generally known as corporate securities or investment securities were intended to be taxed by the Revenue Acts of 1926 and 1932.

The judgment of the District Court is affirmed.